IN THE UNITED STATES DISRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BETHANNE WASKO**<br>601 E. Western Reserve Rd., Unit #1802<br>Poland, OH 44514<br><br>      Plaintiff,<br><br>  v.<br><br>**JPMORGAN CHASE BANK**<br>c/o CT Corporation System<br>1300 E. Ninth St.<br>Cleveland, OH 44114<br><br>      Defendant. | CASE NO. 4:2014 CV 1544<br><br>JUDGE<br><br>**COMPLAINT**<br>**with Jury Demand** |

Now comes Plaintiff Bethanne Wasko, by and through counsel, and hereby states as follows for her Complaint against Defendant JPMorgan Chase Bank:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Bethanne Wasko ("Plaintiff" or "Ms. Wasko"), owns real property located at and commonly known as 601 E. Western Reserve Rd., Unit #1802, Poland, OH 44514 (the "Property").

2. Defendant JPMorgan Chase Bank ("Defendant" or "Chase") is the current servicer of a Note and Mortgage on the Property.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA) and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* (TILA).

4.  This action is specifically filed to enforce regulations promulgated by the Consumer Finance Protection Bureau that became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.41 of Regulation X.

5.  This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6.  Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff maintains the Property as Plaintiff's primary residence.

## INTRODUCTION

7.  On or about June 19, 2007 Plaintiff entered into an adjustable rate promissory note agreement with BNC Mortgage Inc., secured by a mortgage on her condominium located at 601 E. Western Reserve Rd., Unit #1802, Poland, OH 44514 to the Mortgage Electronic Registration System.

8.  Chase or one of its predecessor or subsidiary corporations began servicing Plaintiff's loan after its origination in 2007.

9.  Plaintiff began making payments on her loan and remained current on her loan until representatives of Chase directed her in October of 2009 to not make the payment on her loan due in November of 2009 in order so that she may be considered for a loan modification.

10. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

11. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing

Final Rules, 78 F.R. 10901 (Regulation Z) (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

12. The residential mortgage loan (the "Loan") in the instant matter is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

13. Defendant is subject to the aforesaid Regulations and does not qualify for the exception for "small servicers" as defined in 12C.F.R. § 1026.41(e)(4) or the exemption for a "qualified lender" as defined in 12 C.F.R. § 617.700.

14. Plaintiff is asserting a claim for relief against Defendant for breach of the specific rules under Regulation X as set forth below.

15. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. §2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## BACKGROUND

16. On April 17, 2013, Wells Fargo Bank, N.A., as Trustee for BNC Mortgage Loan Trust 2007-4, Mortgage Pass-Through Certificates, Series 2007-4 ("Wells"), the purported holder of the Note at issue, filed a complaint for foreclosure on the Loan, care of Defendant, against Plaintiff in the Mahoning County Court of Common Pleas in Mahoning County, Ohio, which was assigned case #13-CV-01049 (the "First Foreclosure").

17. The First Foreclosure was resolved by and through a stipulation of dismissal without prejudice, filed for record on March 3, 2014.

18. Plaintiff was instructed to submit any loss mitigation application materials regarding the Loan to Defendant by and through their counsel of record in the First Foreclosure, Bricker & Eckler LLP ("Bricker").

19. On or about March 26, 2014, Plaintiff submitted a complete loss mitigation application (the "Application") via electronic mail transmission to Defendant by and through Bricker.

20. The Application was submitted under 12 C.S.R. part 1024 Supplement 1, Comment 41(b)(1)-3.

21. As of June 5, 2014, Defendant had not yet provided Plaintiff with any response to the Application.

22. On June 5, 2014, Wells, by and through Defendant, filed another complaint for foreclosure on the Loan, care of Defendant, against Plaintiff in the Mahoning County Court of Common Pleas in Mahoning County, Ohio, which was assigned case #2014-CV-01372 (the "Second Foreclosure").

23. 12 C.F.R. 1035(b)(11) provides that the term "error" refers to any error relating to the servicing of a borrower's mortgage loan.

24. On June 6, 2014, Plaintiff sent a notice of error under 12 C.F.R. 1024.35(b)(5) to Defendant via certified U.S. Mail, return receipt requested, claiming that Defendant erred in failing to respond to the Application ("N.O.E. #1"). A copy of N.O.E. #1 is attached hereto as *Plaintiff's Exhibit A*.

25. Defendant received delivery of N.O.E. #1 on June 12, 2014, as documented by the certified U.S. Mail return receipt attached hereto as *Plaintiff's Exhibit B*.

26. On June 6, 2014, Plaintiff sent a notice of error under 12 C.F.R. 1024.35(b)(9) to Defendant via certified U.S. Mail, return receipt requested, claiming that Defendant erred in filing the complaint to initiate the Second Foreclosure when Defendant had not yet responded

complete loss mitigation application in violation of the loss mitigation procedures of 12 C.F.R. § 1024.41(f) ("N.O.E. #2").  A copy of N.O.E. #2 is attached hereto as *Plaintiff's Exhibit C*.

27. Defendant received delivery of N.O.E. #2 on June 12, 2014, as documented by the certified U.S. Mail return receipt attached hereto as *Plaintiff's Exhibit D*.

28. Defendant sent Plaintiff a letter, dated June 13, 2014, confirming receipt of "a request" on June 12, 2014 and stating that Defendant would respond to said request on or before June 28, 2014.  A copy of said letter is attached hereto as *Plaintiff's Exhibit E*.

29. Defendant sent Plaintiff a letter dated June 24, 2014, stating that Defendant would need additional time to respond to the request referenced in the letter dated June 13, 2014, and would now respond to said request on or before July 9, 2014.  A copy of said letter is attached hereto as *Plaintiff's Exhibit F*.

30. Defendant sent Plaintiff a letter dated June 25, 2014, stating that Defendant received Plaintiff's "mortgage assistance request", roughly three (3) months after the Application was submitted to Defendant by and through Bricker.  A copy of said letter is attached hereto as *Plaintiff's Exhibit G*.

31. To date, the Second Foreclosure has not been dismissed and Defendant has not provided any further response as to Plaintiff's eligibility for loss mitigation options on the Loan pursuant to the Application.

32. To date, Plaintiff has not received any further response to N.O.E. #1 or N.O.E. #2.

33. Plaintiff alleges that the Defendant violated 12 C.F.R. §1024.41(f)(2)(i) of Regulation X, which provides that Defendant cannot file for any judicial or non-judicial foreclosure on the borrower while Plaintiff has submitted a complete loss mitigation application that remains pending.

34. Defendant's actions have caused damage to Plaintiff and Plaintiff is entitled to actual damages, costs, statutory damages, and attorneys' fees.

## COUNT ONE: VIOLATION OF § 12 C.F.R. 1024.41(f)

35. Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein

36. 12 C.F.R. § 1024.41(f)(2)(i) of Regulation X provides that the Defendant cannot file or cause to be filed the first notice or filing required by applicable laws to initiate any judicial or non-judicial foreclosure if the borrower has submitted a complete loss mitigation application before a foreclosure is filed.

37. Plaintiff alleges that this prohibition on the filing of such a foreclosure proceeding applies whether the Application was filed by the borrower during the first one hundred twenty (120) days that the borrower was delinquent or at any time after the first one hundred twenty (120) days but before a foreclosure proceeding is filed as is provided for by 12 C.F.R. §1024.41(f)(2)(i).

38. Plaintiff alleges that pursuant to 12 C.F.R. §1024.41(f)(2)(i), such absolute prohibition applies until the servicer has denied the Application, the time to appeal the denial of the Application has expired, or the borrower has appealed the denial of the Application and a final decision has been made with respect to the appeal; none of the foregoing exceptions apply to the facts alleged in the instant matter.

39. Plaintiff alleges that since Defendant has not provided Plaintiff with a loss mitigation offer, or response otherwise, Plaintiff has not rejected an offer nor failed to comply or otherwise perform the terms of an agreement as provided for by 12 C.F.R. §1024.41(f)(2)(iii).

40. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

41. As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT TWO: VIOLATION OF 12 C.F.R. 1024.41(b)

42. Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

43. 12 C.F.R. 1024.41(b) defines a complete loss mitigation application as an application wherein servicer has received all the information that the servicer requires to evaluate applications for the loss mitigation options available to a borrower.

44. 12 C.F.R. 1024.41(b) further states that a servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application.

45. 12 C.F.R. 1024.41(b)(2) provides that if a servicer receives a loss mitigation application forty-five (45) days or more before a foreclosure sale that the must promptly review the application to determine whether the application is complete and notify the borrower within five (5) days whether the application is complete.

46. On or about March 26, 2014, Plaintiff submitted the Application via electronic mail transmission to Defendant by and through Bricker.

47. The Application was submitted under 12 C.S.R. part 1024 Supplement 1, Comment 41(b)(1)-3.

48. As of June 5, 2014, Defendant had not yet provided Plaintiff with any response to the Application.

49. Defendant sent Plaintiff a letter dated June 25, 2014, stating that Defendant received Plaintiff's "mortgage assistance request", roughly three (3) months after the Application was submitted to Defendant by and through Bricker.

50. Plaintiff failed to exercise reasonable diligence in dealing with the application and failed to promptly review the Application to determine whether it was complete and notify Plaintiff within five (5) days of receipt of the Application whether the Application was complete or incomplete.

51. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

52. As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

### **COUNT THREE: VIOLATION OF 12 C.F.R. 1024.41(c)**

53. Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

54. 12 C.F.R. 1024.41(c) provides that upon a servicer's receipt of a loss mitigation application more than thirty-seven (37) days before a foreclosure sale, then, *within thirty (30) days*, a servicer must evaluate the borrower for all loss mitigation options available and provide written notice to the borrower stating which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage.

55. On or about March 26, 2014, Plaintiff submitted the Application via electronic mail transmission to Defendant by and through Bricker.

56. The Application was submitted prior to the filing of the Second Foreclosure and more than thirty-seven (37) days prior to any scheduled sale of the property.

57. The Application was submitted under 12 C.S.R. part 1024 Supplement 1, Comment 41(b)(1)-3.

58. As of June 5, 2014, Defendant had not yet provided Plaintiff with any response to the Application.

59. Defendant sent Plaintiff a letter dated June 25, 2014, stating that Defendant received Plaintiff's "mortgage assistance request", roughly three (3) months after the Application was submitted to Defendant by and through Bricker.

60. Defendant wholly failed to evaluate the borrower for all loss mitigation options available and provide written notice to the borrower stating which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage within thirty (30) days.

61. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

62. As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT FOUR: VIOLATION OF 12 C.F.R. 1024.35

63. Plaintiff restates and incorporates herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten herein.

64. On June 6, 2014, Plaintiff sent a notice of error under 12 C.F.R. 1024.35(b)(5) to Defendant via certified U.S. Mail, return receipt requested, claiming that Defendant erred in failing to respond to the Application ("N.O.E. #1"). A copy of N.O.E. #1 is attached hereto as *Plaintiff's Exhibit A*.

65. Defendant received delivery of N.O.E. #1 on June 12, 2014, as documented by the certified U.S. Mail return receipt attached hereto as *Plaintiff's Exhibit B*.

66. On June 6, 2014, Plaintiff sent a notice of error under 12 C.F.R. 1024.35(b)(9) to Defendant via certified U.S. Mail, return receipt requested, claiming that Defendant erred in filing the complaint to initiate the Second Foreclosure when Defendant had not yet responded complete loss mitigation application in violation of the loss mitigation procedures of 12 C.F.R. § 1024.41(f) ("N.O.E. #2"). A copy of N.O.E. #2 is attached hereto as *Plaintiff's Exhibit C*.

67. Defendant received delivery of N.O.E. #2 on June 12, 2014, as documented by the certified U.S. Mail return receipt attached hereto as *Plaintiff's Exhibit D*.

68. Defendant sent Plaintiff a letter, dated June 13, 2014, confirming receipt of "a request" on June 12, 2014 and stating that Defendant would respond to said request on or before June 28, 2014. A copy of said letter is attached hereto as *Plaintiff's Exhibit E*.

69. Defendant sent Plaintiff a letter dated June 24, 2014, stating that Defendant would need additional time to respond to the request referenced in the letter dated June 13, 2014, and would now respond to said request on or before July 9, 2014. A copy of said letter is attached hereto as *Plaintiff's Exhibit F*.

70. To date, Plaintiff has not received any further response to N.O.E. #1 or N.O.E. #2.

71. 12 C.F.R. 1024.35(e)(3)(B) provides that a servicer must respond to a notice of error made pursuant to 12 C.F.R. 1024.35(b)(9) prior to the date of a foreclosure sale or within thirty (30) days of receipt of such a notice of error.

72. 12 C.F.R. 1024.35(e)(3)(C) provides that that a servicer must respond to a notice of error made pursuant to 12 C.F.R. 1024.35(b), other than pursuant to 12 C.F.R. 1024.35(b)(6), (9), and (10), within thirty (30) days of receipt of such a notice of error.

73. Defendant only acknowledged receipt of and responded to "a request", or one (1) notice of error, when Plaintiff clearly sent and Defendant clearly received two (2) distinct and separate notices of error, for two (2) distinct servicing errors. See *Plaintiff's Exhibits A, B, C, D, E, and F*.

74. Due to the vagueness of Defendant's responsive letters, it is unclear as to whether Defendant's response was in reference to N.O.E. #1 or N.O.E. #2. See *Plaintiff's Exhibits E and F*.

75. Defendant wholly failed to acknowledge receipt of and respond to either N.O.E. #1 or N.O.E. #2 within thirty (30) days in violation of 12 C.F.R. 1024.35.

76. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

77. As a result of this Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter its order granting judgment for the following:

A.) To enter a temporary ten (10) day restraining order to enjoin the pending foreclosure proceeding;

B.) To enter a preliminary injunction until the Plaintiff is allowed to pursue all loss mitigation rights;

C.) For actual damages, costs and reasonable attorney fees;

D.) For statutory damages of no less than $2,000.00 as to each and every count;

E.) Such other relief to which this Court may deem appropriate.

Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Grace M. Doberdruk (0085547)
Daniel M. Solar (0085632)
THE DANN LAW FIRM CO., L.P.A.
4600 Prospect Avenue
Cleveland, OH  44103
Phone: (216)373-0539
Facsimile: (216)373-0536
mdann@dannlaw.com
grace@dannlaw.com
dsolar@dannlaw.com
notices@dannlaw.com

Jury Demand

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
THE DANN LAW FIRM CO., L.P.A.