# THE DANN LAW FIRM CO., LPA

### LAW OFFICE

| *Marc Dann*<br>mdann@dannlaw.com | *Grace Doberdruk*<br>grace@dannlaw.com | *Dan Solar*<br>dsolar@dannlaw.com | *James R. Douglass, Of Counsel*<br>flredcoach@aol.com | *Mark George, Of Counsel*<br>mgeorge@dannlaw.com |
|---|---|---|---|---|

June 6, 2014

Chase
P.O. Box 183166
Columbus, OH  43218

**In the Matter of:**

> Borrower(s):        Bethanne Wasko
> Property Address:   601 E. Western Reserve Rd., Unit #1802, Poland, OH 44514
> Mortgage No.:       0024566804

**Re:  Notice of Error under 12 CFR Section 1024.35(b)(5) for failing to respond to borrower's loss mitigation application**

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise us of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the above-referenced borrower to our law firms for this Notice is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" refers to any error relating to the servicing of the consumer's mortgage loan.

Specifically, Section 1024.41(b)(2) of Amended Regulation X provides that upon a servicer's receipt of a loss mitigation application forty-five (45) or more days from the date of a foreclosure sale, a servicer *must*: (A) promptly review the loss mitigation  application to determine if the loss mitigation application is complete; and, (B) notify the borrower in writing *within five (5) days* that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete.  If a loss mitigation application is incomplete, the notice

---

*P.O. Box 6031040*
*Cleveland, OH  44103*
*216-373-0539*
*216-373-0536/Fax*

THE DANN LAW FIRM



PLAINTIFF'S
EXHIBIT
A

shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable dates by which such action must be taken.

Moreover, Section 1024.41(c) of Amended Regulation X requires that, upon the receipt of a complete loss mitigation packet more than thirty-seven (37) days from a foreclosure sale, a servicer must, *within thirty (30) days*, evaluate the borrower for all loss mitigation options available to the borrower and provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage loan.

In regards to the above-referenced borrower, said borrower submitted a loss mitigation packet through our office on or about March 26, 2014. Despite this, Chase has sent no response to the loss mitigation application within the timeframe required by Section 1024.41 of Amended Regulation X.

Accordingly, we are demand that you immediately file a notice of stay of any pending foreclosure proceeding and immediately provide our office with a determination of the borrower's eligibility for any and all of the loss mitigation options available to the borrower under any of your external or internal programs.

Please correct all of these errors and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through our firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for sixty (60) days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Best Regards,

Daniel M. Solar

Enclosure

P.O. Box 6031040
Cleveland, OH 44103
216-373-0539
216-373-0536/Fax



THE DANN LAW FIRM

06/06/2014 14:08 FAX                                        ☑001

In the Matter of:

Borrower(s): *Bethanne Wasko*

Property Address: *601 E. WESTERN RESERVE Rd. Unit #1802*

Mortgage Loan No.: *0024566804*                 *Poland, Oh. 44514*

Re: Written Consent/Authorization for Requests for Information and Notices of Error

To Whom it may concern:

I/We, the borrower(s), do hereby authorize and provide our written consent and authorization for

*CHASE BANK* , the Servicer of the above-referenced loan, to fully cooperate with, comply with, and provide any and all information requested or demanded by and through any and all Requests for Information and/or Notices of Error pertaining to our loan, pursuant to the Real Estate Settlement and Procedures Act (Regulation X) and/or the Truth in Lending Act (Regulation Z) which may be sent by Attorneys Marc E. Dann, Grace M. Doberdruk, and Daniel M. Solar of The Dann Law Firm Co., LPA on our behalf. Said counsel represents us in any and all pending or contemplated legal matters concerning the above-referenced loan. Please respond to any and all such Requests and Notices at the following address:

         The Dann Law Firm Co., LPA
         P.O. Box 6031040
         Cleveland, OH 44103

Signed: *Bethanne Wasko*               Date: *3 June 2K14*

Print Name: *Bethanne Wasko*

Signed: _____               Date: _____

Print Name: _____