## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BETHANNE WASKO, | : | Case No. 14-cv-01544 |
| | : | |
| Plaintiff, | : | Judge Benita Y. Pearson |
| | : | |
| vs. | : | Magistrate Judge George J. Limbert |
| | : | |
| JPMORGAN CHASE BANK , N.A., | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A.
## TO PLAINTIFF'S COMPLAINT

Now comes Defendant JPMorgan Chase Bank, N.A. ("Defendant"), by and through counsel, and for its Answer to the Complaint of Plaintiff Bethanne Wasko ("Plaintiff"), hereby admits, denies, and avers as follows:

1.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies such allegations.

2.     For its response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is currently servicing the loan at issue. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     For its response to Paragraph 3 of Plaintiff's Complaint, Defendant states that Paragraph 3 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      For its response to Paragraph 4 of Plaintiff's Complaint, Defendant states that Paragraph 4 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      For its response to Paragraph 5 of Plaintiff's Complaint, Defendant states that Paragraph 5 is a legal conclusion to which no response is required.  To the extent a response is required Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      For its response to Paragraph 6 of Plaintiff's Complaint, Defendant states that Paragraph 6 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies such allegations.

## INTRODCUTION

7.      For its response to Paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff executed an adjustable rate note (the "Note") dated June 19, 2007 in favor of BNC Mortgage, Inc., a Delaware Corporation ("BNC Mortgage, Inc."), which was secured by a mortgage (the "Mortgage") dated June 19, 2007 from Plaintiff to Mortgage Electronic Registration Systems, Inc. on the real property located at 601 E. Western Reserve Road, #1802, Poland, Ohio 44514 (the "Property"). Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      For its response to Paragraph 8 of Plaintiff's Complaint, Defendant admits that it is currently servicing the loan at issue. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    For its response to Paragraph 10 of Plaintiff's Complaint, Defendant states that Paragraph 10 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    For its response to Paragraph 11 of Plaintiff's Complaint, Defendant states that Paragraph 11 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    For its response to Paragraph 12 of Plaintiff's Complaint, Defendant states that Paragraph 12 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.    For its response to Paragraph 13 of Plaintiff's Complaint, Defendant states that Paragraph 13 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies such allegations.

15.     For its response to Paragraph 15 of Plaintiff's Complaint, Defendant states that Paragraph 15 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## BACKGROUND

16.     For its response to Paragraph 16 of Plaintiff's Complaint, Defendant admits that a complaint for foreclosure was filed on April 17, 2013 by Wells Fargo Bank, N.A., as Trustee for BNC Mortgage Loan Trust 2007-4, Mortgage Pass-Through Certificates, Series 2007-4, "Wells Fargo"), holder of the Note, in the Mahoning County Court of Common Pleas bearing the case number 2013 CV 01049. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     For its response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that a Stipulation of Dismissal without Prejudice was filed on March 3, 2014 in case number 2013 CV 01049.  Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     For its response to Paragraph 18 of Plaintiff's Complaint, Defendant admits that Plaintiff, through her current counsel or employees of her current counsel, submitted loss mitigation materials to undersigned counsel after the Stipulation of Dismissal without Prejudice was filed in case number 2013 CV 01049.  Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     For its response to Paragraph 20 of Plaintiff's Complaint, Defendant states that Paragraph 20 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies such allegations.

22.     For its response to Paragraph 22 of Plaintiff's Complaint, Defendant admits that a complaint for foreclosure was filed on June 5, 2014 by Wells Fargo in the Mahoning County Court of Common Pleas bearing the case number 2014 CV 01372. Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     For its response to Paragraph 23 of Plaintiff's Complaint, Defendant states that Paragraph 23 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     For its response to Paragraph 24 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit A speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     For its response to Paragraph 25 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit B speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     For its response to Paragraph 26 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit C speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     For its response to Paragraph 27 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit D speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     For its response to Paragraph 28 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit E speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     For its response to Paragraph 29 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit F speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     For its response to Paragraph 30 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit G speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     For its response to Paragraph 33 of Plaintiff's Complaint, Defendant states that Paragraph 33 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     For its response to Paragraph 34 of Plaintiff's Complaint, Defendant states that Paragraph 34 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## COUNT ONE: VIOLATION OF § 12 C.F.R. 1024.41(f)

35.     For its response to Paragraph 35 of Plaintiff's Complaint, Defendant incorporates by reference its responses above as if fully rewritten herein.

36.     For its response to Paragraph 36 of Plaintiff's Complaint, Defendant states that Paragraph 36 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     For its response to Paragraph 37 of Plaintiff's Complaint, Defendant states that Paragraph 37 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     For its response to Paragraph 38 of Plaintiff's Complaint, Defendant states that Paragraph 38 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     For its response to Paragraph 39 of Plaintiff's Complaint, Defendant states that Paragraph 39 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     For its response to Paragraph 40 of Plaintiff's Complaint, Defendant states that Paragraph 40 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     For its response to Paragraph 41 of Plaintiff's Complaint, Defendant states that Paragraph 41 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## COUNT TWO: VIOLATION OF 12 C.F.R. 1024.41(b)

42.     For its response to Paragraph 42 of Plaintiff's Complaint, Defendant incorporates by reference its responses above as if fully rewritten herein.

43.     For its response to Paragraph 43 of Plaintiff's Complaint, Defendant states that Paragraph 43 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     For its response to Paragraph 44 of Plaintiff's Complaint, Defendant states that Paragraph 44 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     For its response to Paragraph 45 of Plaintiff's Complaint, Defendant states that Paragraph 45 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore denies such allegations.

49.     For its response to Paragraph 49 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit G speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     For its response to Paragraph 51 of Plaintiff's Complaint, Defendant states that Paragraph 51 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     For its response to Paragraph 52 of Plaintiff's Complaint, Defendant states that Paragraph 52 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## COUNT THREE: VIOLATION OF 12 C.F.R. 1024.41(c)

53.     For its response to Paragraph 53 of Plaintiff's Complaint, Defendant incorporates by reference its responses above as if fully rewritten herein.

54.     For its response to Paragraph 54 of Plaintiff's Complaint, Defendant states that Paragraph 54 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     For its response to Paragraph 56 of Plaintiff's Complaint, Defendant admits that loss mitigation documents were submitted by Plaintiff, through her current counsel or employees of her current counsel, before the filing the case bearing the case number 2014 CV 01372. Defendant denies the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of Plaintiff's Complaint and therefore denies such allegations.

59.     For its response to Paragraph 59 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit G speaks for itself. Defendant denies the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     For its response to Paragraph 61 of Plaintiff's Complaint, Defendant states that Paragraph 61 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     For its response to Paragraph 62 of Plaintiff's Complaint, Defendant states that Paragraph 62 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

## COUNT FOUR: VIOLATION OF 12 C.F.R. 1024.35

63.     For its response to Paragraph 63 of Plaintiff's Complaint, Defendant incorporates by reference its responses above as if fully rewritten herein.

64.     For its response to Paragraph 64 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit A speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     For its response to Paragraph 65 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit B speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     For its response to Paragraph 66 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit C speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     For its response to Paragraph 67 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit D speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     For its response to Paragraph 68 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit E speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     For its response to Paragraph 69 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibit F speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of Plaintiff's Complaint and therefore denies such allegations.

71.     For its response to Paragraph 71 of Plaintiff's Complaint, Defendant states that Paragraph 71 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     For its response to Paragraph 72 of Plaintiff's Complaint, Defendant states that Paragraph 72 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the law speaks for itself. Defendant denies the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     For its response to Paragraph 73 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibits A, B, C, D, E, and F speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     For its response to Paragraph 74 of Plaintiff's Complaint, Defendant states that Plaintiff's Exhibits E and F speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     For its response to Paragraph 75 of Plaintiff's Complaint, Defendant states that Paragraph 75 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     For its response to Paragraph 76 of Plaintiff's Complaint, Defendant states that Paragraph 76 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     For its response to Paragraph 77 of Plaintiff's Complaint, Defendant states that Paragraph 77 is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant hereby denies all allegations contained in Plaintiff's Complaint not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

79.     Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

80.     To the extent Plaintiff suffered any damages, which Defendant expressly denies, Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

81.     To the extent Defendant violated the Real Estate Settlement Procedures Act (Regulation X) [12 C.F.R. § 1024.41 et seq.], which Defendant expressly denies, any violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error.

## RESERVATION OF DEFENSES

Defendant expressly reserves the right to assert any additional defenses against Plaintiff's claims, which are shown to exist by reason of discovery and/or other proceedings in this case.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Plaintiff respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, award Defendant its reasonable attorneys' fees and costs related to its defense of this matter, and grant Defendant all other appropriate relief in this matter.

Respectfully submitted,


/s/ Nelson M. Reid
Nelson M. Reid        (0068434)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Phone: (614) 227-2300
Fax: (614) 227-2390
Email:  nreid@bricker.com
        lovermeyer@bricker.com
*Trial Attorney for Defendant*
*JPMorgan Chase Bank, N.A.*


OF COUNSEL:

Luke D. Overmeyer     (0087307)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2300
Facsimile:  (614) 227-2390
Email:  lovermeyer@bricker.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of August, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic system.  Parties were served electronically by the Court's CM/ECF electronic system.

/s/ Nelson M. Reid
Nelson M. Reid
